UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE STANFILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13CV787 SNLJ |
| ) | |
| HAWTHORN RECOVERY SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this lawsuit alleging defendant violated the Fair Debt Collection Practices Act (FDCPA) while plaintiff was in bankruptcy proceedings. Defendant filed a motion for summary judgment (#12) arguing that plaintiff is judicially estopped from bringing this FDCPA claim because he did not disclose the potential claim in his bankruptcy case. Responsive pleadings have been filed and this matter is ripe for disposition.

**I.      Legal Standard**

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court." *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). The Supreme Court has delineated three factors to consider when applying the doctrine of judicial estoppel: (1) whether the party's later position is "clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3)

"whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51.

The doctrine of judicial estoppel has frequently been applied in the context of bankruptcy. A party that has filed for bankruptcy "may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Stallings*, 447 F.3d at 1047. Under the first *New Hampshire* factor, "[a] debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'" *Id.* (quoting *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)). The second factor is satisfied if the bankruptcy court adopts the debtor's position. *Id.* Under the final factor, "the debtor's non-disclosure of the claim must not be inadvertent and must result in the debtor gaining an unfair advantage." *Id.*

With these principles in mind, the Court turns to the discussion.

## II.     Discussion

There is no dispute as to the facts to be considered for purposes of this motion. Plaintiff filed a Chapter 7 bankruptcy on November 30, 2012. Notice of the bankruptcy was allegedly mailed to defendant on December 2, 2012. Plaintiff alleges that on December 21, 2012, defendant mailed a letter to plaintiff claiming that he owed a debt. Plaintiff's bankruptcy was discharged on February 27, 2013 and the bankruptcy case was closed on March 14, 2013. Plaintiff filed his complaint in this case on April 25, 2013 alleging that the letter was a violation of the FDCPA. Plaintiff did not disclose his potential FDCPA claim against defendant to the bankruptcy court.

Defendant argues that it is entitled to summary judgment based on judicial estoppel because plaintiff failed to amend his bankruptcy filings to inform the bankruptcy court of the potential FDCPA claim that allegedly occurred while the bankruptcy case was pending. Plaintiff maintains that he had no duty to amend his bankruptcy petition to disclose the FDCPA violation because it occurred after the filing of the Chapter 7 bankruptcy and, as a result, was not an asset of the bankruptcy estate.

Under federal bankruptcy law, "all legal or equitable interests of the debtor in property as of the commencement of the case" becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Schaefer v. First Source Advantage*, 4:12CV311 CAS, 2013 WL 509001, at *4 (E.D. Mo. Feb. 12, 2013). "Causes of action are interests in property and are therefore included in the bankruptcy estate." *Schaefer*, 2013 WL 509001, at *4 (quoting *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007)). "In a Chapter 7 bankruptcy proceeding, only causes of action that have accrued before filing of the bankruptcy petition are assets of the bankruptcy estate." *Harms v. Cigna Ins. Companies*, 421 F.Supp.2d 1225, 1228 (D.S.D. 2006) (quoting *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F.Supp. 1424, 1432 (M.D. Ala. 1996)); *see also In re Witko*, 374 F.3d 1040, 1042-44 (11th Cir. 2004) ("[p]re-petition causes of action are part of the bankruptcy estate and post-petition causes of action are not"); *In Re Rhinesmith*, 450 B.R. 630, 632-34 (Bkrtcy. W.D. Tex. 2011) (holding that claims grounded entirely in events occurring post-petition are not included in property of the estate); *In re Holstein*, 321 B.R. 229, 235 (Bkrtcy. N.D. Ill. 2005) (holding that cause of action that accrued after the bankruptcy case was commenced was the debtor's to pursue); *Harris v. St. Louis University*, 114 B.R. 647, 648 (E.D. Mo. 1990) (finding cause of action possessed by debtor when Chapter 7 petition was filed was property of bankruptcy estate).

Because the alleged FDCPA violation occurred after the filing of the plaintiff's Chapter 7 bankruptcy case, it was not property of the bankruptcy estate. Consequently, the non-disclosure was not improper, the pursuit of this claim is not inconsistent with plaintiff's bankruptcy proceedings, and no court has been misled. As a result, the fact that plaintiff did not disclose the potential claim in the bankruptcy case does not estop him from proceeding with this lawsuit.

## III.   CONCLUSION

For the foregoing reasons, this Court concludes that plaintiff is not judicially estopped from pursuing his FDCPA claim against defendant. Therefore, defendant's motion for summary judgment on the basis of judicial estoppel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#12) is **DENIED**.

Dated this 27th day of November, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE